# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MARIO RIVERA, JR.,**

    **Plaintiff,**

  v.          CASE NO. 13-3128-SAC

**TIMOTHY A. FRIEDEN,**

    **Defendant.**

## MEMORANDUM AND ORDER

  This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

*The motion to proceed in forma pauperis*

  Pursuant to § 1915(a)(1), a prisoner seeking to file a civil action without prepayment of fees must submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress. The court files the motion filed by plaintiff satisfies these requirements.

  Under § 1915(a)(2), a prisoner also must submit a certified copy of the prisoner's institutional account for the six months immediately preceding the filing of the action from an appropriate official from each correctional facility in which the plaintiff is or was incarcerated. Plaintiff has not yet submitted this information and will be directed to supplement the record.

*Screening*

  A federal court must conduct a preliminary review of any case

in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. Id. at 558.

Pleadings filed by a pro se litigant must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Analysis*

Plaintiff proceeds pursuant to 42 U.S.C. § 1983, which imposes liability for actions under the color of state law that deprive one of "rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*,

487 U.S. 42, 49 (1988).

Plaintiff claims the defendant, his defense attorney, failed to provide him with constitutionally adequate representation. This claim is subject to dismissal because it is settled that an attorney is not a "state actor" for purposes of § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983)("even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983") and *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983)("private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983").

Accordingly, the court is considering the dismissal of this matter for failure to state a claim upon which relief may be granted.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including September 20, 2013, to supply the court with a certified copy of his institutional financial records for the six months preceding June 2013 from all facilities in which he was incarcerated during that period.

IT IS FURTHER ORDERED that plaintiff is granted to and including September 20, 2013, to show cause why this matter should not be dismissed for failure to state a claim upon which relief may be granted. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 21st day of August, 2013, at Topeka, Kansas.

                                S/ Sam A. Crow
                                SAM A. CROW
                                U.S. Senior District Judge